NicholsoN, C. J.,
delivered the opinion of the Court.
Hunn recovered judgment against Waggoner as principal, and Choate & Hough, as first and second endorsers of a note for $2,675. On this judgment execution issued, and was levied March 21st, 1868, on the steamboat Peostee, as the property of Waggoner. On the 25th of March, 1868, the steamboat was re-plevied and taken out of the possession of the Sheriff, by O. P. Lyle, by virtue of a replevin writ from the Common Law Court at Memphis. In procuring the issuance of the writ, Lyle entered into bond in the penalty of $5,200, payable to the Sheriff.
Thereupon the Sheriff, proceeded on the same execution, to levy on twenty shares of bank stock, on the 27th of March, 1868, as the property of R. Hough.
On the 30th of March, 1868, an execution in favor of the First National Bank, against Waggoner, was levied on the said steamboat, which was sold on the 11th of April, 1868, and bought by the bank at $1,029. These facts were presented to the Judge of the Municipal Court by petition, filed on the 3d of April, 1868, by R. Hough, asking the Court to quash and set aside the levy of the execution on the twenty shares of bank stock. On the 28th of April, 1868, the Court ordered and adjudged, that the levy be released and that the twenty shares of bank stock be restored. From this judgment the plaintiff appealed in error to this Court.
*710 The facts in tbis case raise the question, whether the levy of the execution of plaintiff upon the steam>boat Peostee operated, under the circumstances, as a satisfaction thereof SO' far as defendant Hough is concerned? It is not an open question in this State, that the levy of an execution on personal property operates as a satisfaction for the same. To this general proposition two exceptions have been well established, viz.: the levy will not operate as a satisfaction, if the levy be released, or the defendant himself dispose of the property : Pigg v. Sparrow, 3 Hayw., 144; Charlton v. Lacey, 5 Hum., 496; Williams v. Breden, 1 Swan, 282, and Carnes v. Pickett, 2 Sneed, 656.
We deem it unnecessary to examine the question, as affected by the taking of a delivery bond and its forfeiture, in view of the provisions of the Code, as to the liability of the parties in such cases. In the case before us, the Sheriff.took no delivery bond, but was in the possession of the property levied on, when the same was taken out of his hands by the writ of replevin, which commanded him to deliver the property .to the plaintiff in the replevin suit, he having given frond and security according to law. The bond so given was in the penalty of $5,200, which we are to presume was double the value of the boat, and was payable to the Sheriff, who had a right to demand good security, and we are to presume that he did so.
At the time the replevin suit was executed, the title of the steamboat was in the Sheriff, by virtue of his levy of the execution. All the title of Waggoner was divested out of him and vested in the Sheriff by *711 virtue of the levy. If "Waggoner had no title, then the Sheriff had none — but if Waggoner had the title ■when the levy was made, then that title passed to the Sheriff, and prima facie operated as a satisfaction of the execution.
What then was the legal effect of the execution of the writ of replevin ? The plaintiff in the writ claimed the right of possession of the steamboat, and the effect of his writ was, by process of law to deprive the Sheriff of the possession, to which the levy entitled him. His right of possession depended upon the title vested in him, and if Waggoner had no title, then he had no right of possession. Lyle claimed that he was the rightful possessor of the property, and had a right under the law to deprive the Sheriff of possession, and test their conflicting claims, and thereby to prevent the Sheriff from proceeding to sell the boat. The proceeding by replevin, however, had no effect on the title of the property — this remained to be determined by the result of the suit. To indemnify and compensate the Sheriff for the loss of the possession, during the pendency of the suit, the plaintiff in the replevin suit was required to execute to him a bond in double the value of the property in litigation. Although this bond is payable to the Sheriff, he holds it for the benefit of the plaintiff in the execution. He is the real defendant in the replevin suit, and has a right to be substituted for the Sheriff on the record.
Does the case fall within either of the exception's to the general rule, as to the levy on personal property being a satisfaction of the execution? It is clear *712 that the property was aot left with or returned to the defendant in the execution. . The case therefore is not within that exception.
It is also clear, that neither the plaintiff in the execution nor the Sheriff released the levy and allowed the debtor to dispose of the property. The case then does not fall within that exception.
But it is maintained for plaintiff, that the settled rule, as found in the decisions of other States, is, that “where the execution debtor’s property, although seized upon by execution, has by legal process, either in favor of the execution debtor, or third parties, or otherwise without fault or neglect of the execution plaintiff, or the officer having charge of the execution, been prevented from being applied to the satisfaction of the judgment debt, in all such cases the levy is no satisfaction.” In support of this argument we are referred to the case of ex parte King, 2 Dev., 341, as laying down the true rule, as follows:
“The seizure of personal property is constructively a discharge of the debt; but if the defendant were never deprived of this property by the Sheriff, or, if he were and got it back again, either with or without the consent of the Sheriff it would be monstrous fo say the defendant had paid his debt.” So far, it is obvious, this is the same rule established by our own decisions. But the North Carolina Court proceed: “The levy on property is not actual payment, which the law aims at always. It is only constructively so, to prevent wrong. It is deemed payment only in those cases, where, if it were not, the defendant would *713 be twice deprived of his property on the same judgment. In all other cases it is no payment.”
This rule is in harmony with the course of the adjudications in this State. It is upon the general principle here laid down, that our Courts have recognized the two exceptions already specified, and on which they held, prior to the act of 1831, as to delivery bonds, that the taking ‘of a delivery bond by a Sheriff was a satisfaction, so far as joint debtors not joining in the bond were concerned: Cheaver v. Alden, 7 Hum., 273.
Adopting this as the true rule, what is its application to the case before us? The levy on the steamboat was constructively payment, but actual payment by a sale of the property was prevented by the operation of a legal process; but it was not such process as overreached the title acquired by the Sheriff by his levy — such as an execution issuing upon a prior judgment — which vacated the levy and deprived the Sheriff of his title. But it was process which effected only the possession of the Sheriff, and had no effect upon his title. The necessary result was to suspend the question, whether the levy was to operate as an actual payment until the title of the property involved in the replevin suit should be determined. The replevin process did not overreach or vacate the levy, nor did it determine the right of the plaintiff in the execution to have the boat appropriated to the actual satisfaction of his debt. Its only effect was to postpone the settlement of his right to actual satisfaction until it should be determined whether his debtor had the title to the *714 boat levied on. In the meantime, the law which thus stepped in and authorized Lyle to postpone the enforcement of the levy, also provided ample indemnity to the plaintiff in the execution in the replevin bond. If the result of the replevin suit should be to determine that the boat was the property of Lyle and not of Waggoner, then the levy would amount to nothing, and plaintiff’s judgment would remain unsatisfied and in force as to all the defendants in the judgment. But if the result of the replevin suit should be that the boat was the property of Waggoner, the judgment would secure the satisfaction of plaintiff’s execution, either by subjecting the property levied on or by judgment on the bond, and thus release all the defendants in the execution.
It is important in this connection, that when the Sheriff, at the instance of the plaintiff in the execution, levied on the boat as ‘the property of Waggoner, it became their duty to preserve the property so levied on and to defend the title. The defendant in the execution, Waggoner, and especially his endorsers, Choate and Hough, had the right to require the title of the boat to be fairly and diligently defended against the claim of Lyle in his replevin suit. If the Sheriff, with or without the approval of the plaintiff in the execution, abandoned the levy and gave up the boat upon the issuance of the replevin process without contesting the right of property, without the consent of Waggoner and his endorsers, the debt would thereby be discharged. After the title of the boat was put in issue by the replevin suit, there was no way by *715 which the property could be divested out of the Sheriff and vested in Lyle without the consent of Waggoner and his endorsers, except by a fair trial of the issue and a judgment thereon. Until the result of such a trial, the levy would continue to operate as constructive payment, and the Sheriff would have no right to levy the same execution or an alias on the property of either of the defendants in the execution, unless it appeared by the original levy that the value of the boat was not sufficient to satisfy the full amount of the execution, and then the additional levy on other property should show the fact that it was levied only for the balance. The case of Stewart v. Henemaker, 7 Carter (Indiana), 47, is directly in point.
In the case before us, the petition states that the replevin suit was pending. By reference to the re-plevin writ and bond, it appears that the bond was in the penalty of $5,200. The law required the clerk to take bond in double the value of the boat. We presume he did his duty, and that the boat was valued at $2,600. The Sheriff nor the plaintiff in the execution made any objection to the bond. But without any explanation in his return, the Sheriff levied the same execution on the twenty shares of bank stock to satisfy the execution. This he had no right to do, and the execution was property quashed.
From the judgment quashing the execution, plaintiff appealed in error to this Court. After the appeal was taken he filed his attachment bill against Hough, in which the facts already cited are set forth, praying for and obtaining an attachment of the twenty shares *716 of bank stock, to satisfy the execution formerly levied on the steamboat. Defendant Hough answered and relied upon his discharge, by reason of the levy on the steamboat, insisting that the replevin suit was brought and carried on by collusion between complainant and the debtor Waggoner, and that the replevin suit was still pending. The Chancellor required complainant to elect whether he would prosecute his appeal from the judgment of the Law Court, or his attachment bill. He elected the latter. There was no proof to support the charge of collusion, but both parties state that the replevin suit is still pending.
The Chancellor determined that from the proof in the cause it can not be held, that the steamboat was the property of the principal debtor Waggoner, so as to discharge the defendant Hough from his liability on the judgment, and. decreed for complainant, subjecting the bank stock to the satisfaction of complainant’s judgment against Waggoner, Choate and Hough.
From this decree defendant Hough appealed to this Court. By agreement of parties the two causes are now heard together.
Having already held that the levy of the execution on the boat was a constructive satisfaction thereof, and that the replevin process had no other effect on the legal operation of the levy but to postpone the question as to its final operation, until the .title of the property involved in the replevin suit was determined, it follows that neither the execution nor the judgment on which it issued could be enforced against the property of the endorser Hough, by execution or attach *717 ment bill, until the replevin suit was determined and the title to the boat ascertained by a fair trial.
The judgment of the Law Court quashing the, execution will be affirmed, and the decree of the Chancery Court will be reversed and the bill be dismissed with costs.